**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5134**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

DOUGLAS ANTHONY PENDERGRASS, a/k/a Willie Lee Atkinson,
a/k/a Demarcus Smith, a/k/a Emmanuel Snowden, a/k/a Raymond
James Morgan, a/k/a Tyrone R. Grier, a/k/a Eric Angelo
Turner, a/k/a Darrell Duane Jones, a/k/a Suman Cuddapah,
a/k/a Odell Francis Gaymon, a/k/a Craig Anthony Johnson,
a/k/a Anthony James Pendergrass, a/k/a Michael Anthony
Eugene Williams, a/k/a Donneyel Frazier Taylor, a/k/a David
Anthony Pendergrass, a/k/a Douglas Antoine Pendergrass,
a/k/a Ronald Scott Bridges, a/k/a Kyle Tremaine Mobley,
a/k/a Arnold A. Daniels, a/k/a Ewon Suman Cuddapah,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-01049-RBH-1)

───────────

Submitted:  December 13, 2012      Decided:  January 8, 2013

───────────

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

───────────

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  William N. Nettles, United States

Attorney, Jamie Lea Schoen, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Anthony Pendergrass pled guilty, pursuant to a written plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344 (2006), and was sentenced to 37 months of imprisonment. On appeal, counsel files a brief raising one issue: whether Pendergrass received ineffective assistance of counsel. Counsel raises four other issues pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning: (1) whether Pendergrass' constitutional rights were violated when he was denied the ability to challenge the validity of the superseding indictment against him; (2) whether the district court erred by denying Pendergrass' post-guilty plea motion to dismiss on the grounds of ineffective assistance; (3) whether the district court erred by sua sponte failing to recuse itself from Pendergrass' case; and (4) whether the district court erred by denying Pendergrass' objections to his criminal history calculation as set forth in his revised presentence report. Pendergrass, in his pro se supplemental briefs, also alleges ineffective assistance of counsel and other claims. For the reasons that follow, we affirm in part, and dismiss in part.

Claims of ineffective assistance of counsel are not cognizable on direct appeal, unless the record conclusively establishes ineffective assistance. United States v.

3

Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). In this case, Pendergrass would have to show that but for counsel's alleged errors, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). Pendergrass has failed to meet the challenging burden of establishing ineffective assistance at this juncture. Thus, we affirm Pendergrass' claims of ineffective assistance of counsel.

As argued by the Government, Pendergrass has waived his right to appeal the remainder of the issues he and his counsel have raised, because of the appellate waiver contained in his plea agreement. The agreement was reviewed at Pendergrass' plea hearing and Pendergrass acknowledged that he was waiving his appellate rights, except for ineffective assistance and prosecutorial misconduct. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Accordingly, we conclude that Pendergrass has waived appellate review of the remaining issues. Thus, we

4

dismiss the remainder of the issues raised in Pendergrass' appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pendergrass' conviction and sentence. We further grant Pendergrass' motion to file a second supplemental brief. This court requires that counsel inform Pendergrass, in writing, of the right to petition the Supreme Court of the United States for further review. If Pendergrass requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pendergrass. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>